Comstock, Oh. J.
 

 (Dissenting.) The.payment made before the assignment, was
 
 prima Jack
 
 proved by the receipt of the mortgagee. (1.) The holder of the receipt is entitled to the benefit of the presumption usually allowed in respect to written instruments, that it was given at the time it bears date. (2.) That fact being presumed, the receipt ought not to fall within the rule that the mere declaration of a former holder of a chose in action is not admissible in evidence in a controversy between the debtor and an assignee. A receipt in full has a legal operation (at least
 
 prima facie)
 
 as a discharge of the debt; and a receipt of a partial payment should operate as a partial discharge. Such an instrument presumptively shows an actual transaction in which both the parties, were actors, and it stands on higher ground than a mere declaration which may be made to any one when the party in whose favor it is made is not even present. It is scarcely expedient to extend the rule which excludes declarations of that nature. It seems to me a rule of great convenience that written acknowledgments of this kind given by a creditor to his debtor should be taken as true in the debtor’s favor, until they are disproved or some suspicion is thrown upon them. The doctrine, if not fully sustained, is certainly very strongly countenanced in some of the adjudged cases in this State. (See
 
 Sherman
 
 v.
 
 Crosby,
 
 11 Johns, 70;
 
 Rawson
 
 v. Adams, 17 Johns, 130;
 
 Booth
 
 v. Swezey, 4 Seld., 276;
 
 Jermain
 
 v.
 
 Denniston,
 
 2 Id., 276.)
 

 I think the referee was also right in allowing the two payments made to the mortgagee after the assignment. In order to perfect an assignment of a chose in action and protect the assignee against future payments to the assignor, notice should
 
 *252
 
 be given to the debtor. If the assignee neglects to give such notice himself, he must, in order to avoid the effect of payment to the assignor, show that the debtor, before making it, in some other way acquired a knowledge of the fact.
 
 (Reed
 
 v. Marble, 10 Paige, 413; 1 R. S., 763, § 41; Adams Equity, 53-54.) Notice may be inferred, of course, from the circumstances attending the transaction; but the true question is always one of good faith. The referee in this case has found that the payments were made without notice of the assignment and in good faith. The particular facts stated in the finding certainly do not overthrow that conclusion; in other words, those facts do not com. pel us as a legal inference to impute notice and bad faith. It is true the securities were not present when the payments were made, nor was the supposed creditor personally there. The payments were made to an agent. The plaintiff inquired of him for the papers. They tvere searched for and not found. The plaintiff suggested that they might be at the clerk’s office for record, and the agent stated that such was probably the fact. The fact suggested was by no means improbable as to the mortgage at least, because it had been only recently given, and might well be at the clerk’s office for record. It is difficult to believe that these payments were made in bad faith, and we certainly cannot say so in opposition to the conclusion of fact found at the trial. The case of
 
 Brown
 
 v.
 
 Blydenburgh
 
 (3 Seld., 141), is cited for the appellant, but the circumstances of that case distinguish it from the present. The conveyance there was made to the creditor in full satisfaction of the mortgage debt, and of course the securities ought to have been delivered up at the same time. The transaction was with the mortgagee personally, and no inquiry was made of him for the Securities, nor did he make- any representation or suggestion intended or calculated to mislead. Such being the facts, this court affirmed the decision of the court below, where the question had been determined against the mortgagor. The question was one of fact, as it is in the present case. The decision is clearly not an authority requiring us to hold as matter ol
 
 *253
 
 law that the plaintiff was chargeable with notice when he made the payments in question.
 

 The judgment should be affirmed.
 

 Denio and Bacon, Js., concurred in this opinipn.'
 

 Judgment reversed and a new trial ordered.