### REED *vs*. MARBLE.

Where M. gave a bond and mortgage to W. for a part of the purchase money of a house and lot, which the latter afterwards assigned to another person, and such assignee afterwards delivered the bond to W. and authorized him to give it up to the mortgagor upon receiving from him a reconveyance of the mortgaged premises, and such arrangement was effected and a deed given and the bond given up to be cancelled, without notice to W. or the mortgagor, that the assignee of the bond and mortgage had assigned his interest therein to R.; *Held,* that W. was a competent witness for the mortgagor, in a suit brought by R. for the foreclosure of the mortgage, to 'prove his agency and authority, and the agreement made by him to receive the reconveyance and to discharge the personal liability of the mortgagor upon the bond; and that no written power to W. was necessary

1843.

Reed
v.
Marble.

to enable him to receive such reconveyance, for his principal, and to discharge the personal liability of the mortgagor upon the bond.

*Held also*, that the agreement having been consummated, and the reconveyance executed, before W. or the mortgagor had any notice of the revocation of the agency of W. by such assignment of the bond and mortgage to R., the mortgagor was discharged from personal liability upon his bond.

The assignee of a bond and mortgage must give notice of the assignment, to the mortgagor, if he wishes to protect himself against a bona fide payment by the latter, to the assignor or his authorized agent.

Even the recording of an assignment of a bond and mortgage is not constructive notice to the mortgagor, of such assignment, but is only constructive notice to subsequent assignees or purchasers from the original assignor.

The owner of the equity of redemption in the mortgaged premises is a necessary party to a suit for the foreclosure of a mortgage. And where the mortgagor has conveyed his equity of redemption in the mortgaged premises to another, no suit in chancery can be instituted against the mortgagor, for the payment of the mortgage debt, without making the grantee of the equity of redemption a party.

*Where it appears upon the complainant's bill, to foreclose a bond and mortgage, that the owner of the equity of redemption is not a party to the suit, the defendant may demur.*

November 21. THIS was an appeal from a decree of the vice chancellor of the eighth circuit, dismissing the complainant's bill with costs. In July, 1835, E. B. Wesley sold and conveyed a lot in Buffalo to the defendant Marble, and took back from him a bond and mortgage, to secure the payment of $700 of the purchase money. Wesley assigned the bond and mortgage to Allen, and the latter assigned and delivered them to J. D. Jennings, in March, 1837. In the fall of 1838, Jennings called upon Wesley to inquire as to the responsibility of Marble, and learning that it was doubtful, left the bond with Wesley, with a request that he would see the mortgagor and get him to give to Jennings a deed of the premises. And he authorized Wesley to give up the bond to Marble, to be cancelled, if he would give him such deed. Wesley shortly afterwards made an arrangement with Marble to convey his equity of redemption to Jennings upon those terms; and on the 8th of May, 1839, a deed from Marble and wife to Jennings was made and executed, purporting to be for the consideration of one dollar and of the giving up by Jennings of the bond to be cancelled, by which deed Marble and wife conveyed to

Jennings the mortgaged premises, in fee. And Wesley made

and signed an endorsement upon the bond, stating that by order of Jennings the bond was given up to Marble to be cancelled, and that Jennings agreed to discharge him from all personal liability on the mortgage given therewith. But as Marble's wife was then absent, so that the deed could not be executed by her, the deed and the bond were left with the scrivener, who drew the deed, with directions to deliver up the bond to Marble when the deed should be executed by the wife and duly acknowledged. On the 17th of July, 1837, which was shortly after the return of Mrs. Marble, the deed was acknowledged by Marble and his wife, and was delivered to Wesley, or left with the scrivener for him. And the bond with such endorsement thereon was delivered up to Marble, pursuant to the previous arrangement. The deed was duly recorded on the 22d of the same month.

Jennings, by an assignment annexed to the mortgage, dated in December, 1838, but which was neither witnessed nor acknowledged, assigned the bond and mortgage to H. Mead of Lockport, reciting therein that the bond was temporarily lost, but covenanting to deliver it to the assignee or to pay all damages, and also covenanting that $700, and interest from July, 1837, was then due upon the bond and mortgage. And in April, 1839, Mead made a similar assignment of the bond and mortgage to the complainant, except that Mead did not guaranty the production of the bond. But no notice of either of these assignments was given to Marble, or to Wesley, previous to the execution of the deed to Jennings and the delivering up of the bond to be cancelled, on the 17th of July, 1839; although that fact was put in issue by the pleadings, and the complainant attempted to prove a notice on that day. Immediately afterwards, however, the complainant made his claim as the assignee of the bond and mortgage upon Marble, and instituted a suit at law against him to recover the debt; which suit was subsequently discontinued.

In August, 1839, the complainant filed his bill against

1843.

Reed
v.
Marble.

Marble to foreclose the mortgage, without making Jennings, to whom the legal title to the equity of redemption had been previously conveyed, a party; waiving an answer on oath from the defendant. The defendant, in his answer, set forth the agreement with Wesley, as the agent of Jennings, for the giving up of the bond to be cancelled and discharged, upon the conveyance of the equity of redemption in the mortgaged premises to the latter, and the execution of the conveyance accordingly; and that he had no notice of the assignment of the bond and mortgage, by Jennings, and never heard of it until after the agreement was executed. He also insisted in his answer that Jennings, in whom the legal title to the mortgaged premises then was, should have been made a defendant in the bill of foreclosure. Wesley was examined as a witness for the defendant, to prove the fact of his agency and the other matters of defence; and a motion was made to suppress his deposition, which motion was denied by the vice chancellor. The testimony of J. H. Reed, a witness on the part of the complainant, was suppressed. The decree dismissing the bill was directed to be without prejudice to the complainant's right to file a new bill against Jennings.

*J. L. Curtenius*, for the appellant.

*S. G. Havens*, for the respondent.

THE CHANCELLOR. Wesley was a competent witness to prove the fact of his agency and the other matters testified to by him. And no written power was necessary, to authorize him to receive a conveyance of the equity of redemption in the mortgaged premises and to agree to give up the bond of the mortgagor, and to discharge the mortgagor from his personal liability for the debt, in consideration of such conveyance. No question therefore arises upon the statute of frauds in relation to that matter. If the conveyance had not actually been made by Marble until after he had notice of the revocation of the agency of

Wesley, by the assignment to Mead, a question would have arisen, whether the agreement by parol to convey, which was not binding on Marble under the statute of frauds, was binding upon Jennings so as to divest the claim of his assignee to recover upon the bond. I think it would not. The complainant, however, has wholly failed to establish notice of the assignment by Jennings, or any thing which was sufficient to put Marble on inquiry, until the bargain was consummated by the execution of the deed, and the giving up of the bond, with the agent's endorsement thereon. The agent had left the bond and deed with the scrivener, with directions to give up the bond when the deed was executed by the wife and duly acknowledged. It is not material therefore, whether Wesley took the deed on the 17th of July, or Marble left it at that time with the scrivener for him. Either would be a good delivery to Jennings, so as to pass the title to him.

The assignee of a bond and mortgage, as well as assignees of other choses in action, must give notice of the assignment, if he wishes to protect himself against a bona fide payment to the assignor, or his duly constituted agent, by the mortgagor. Even the recording of an assignment of a mortgage is only constructive notice to subsequent purchasers or assignees of or from the mortgagee, or the original assignor. But by the express provisions of the revised statutes, the recording of the assignment is not of itself to be deemed notice of such assignment, to the mortgagor, or his heirs or personal representatives, so as to invalidate any payments made by them, or either of them, to the mortgagee. (1 *R. S.* 763, § 42.)

Again ; the objection was well taken, in the answer, that Jennings, to whom the legal estate in the equity of redemption was conveyed previous to the filing of the complainant's bill, was a necessary party to the foreclosure suit. And it appears by the bill that the complainant had actual notice of the execution and recording of that deed, before this suit was commenced. And where the mortgagor has conveyed his interest in the equity of redemption,

no suit in this court, to foreclose the mortgage, can be commenced against him without making the owner of the equity of redemption a party ; although the mortgagor is still liable upon his bond for the deficiency. For where the owner of the equity of redemption is not a party to the suit, the master's deed will give no title to the purchaser as against him. And in the recent case of *Cornell* v. *Prescott and wife*, (*In Chan. Oct. 5th,* 1843,) where it appeared upon the face of the bill, in a foreclosure suit against the mortgagor and a subsequent mortgagee of his grantee, that the owner of the equity of redemption was not a party to the suit, this court decided that a demurrer to the bill was well taken.

The testimony of J. H. Reed was properly suppressed ; as the mere declarations of a stranger were not proper evidence for any purpose, and the objection that the agent only had authority to give up the bond upon receiving " a good deed," cannot be sustained. The evident meaning of that expression, was that the defendant should give such a deed as would convey the whole title which he received from the mortgagor at the time of giving the mortgage ; so as to save to Jennings the expense of a foreclosure suit for the purpose of cutting off the rights of persons claiming under the mortgagor. No incumbrances were proved, nor was there any pretence at the hearing that any such existed. If Jennings wanted the deed on record, his agent was the proper person to see that it was recorded.

The order appealed from must be affirmed with costs.