THE NEW-YORK LIFE INSURANCE AND TRUST COMPANY *vs.* SMITH and others.

The mere recording of the assignment of a mortgage, is not of itself legal notice to the mortgagor, of such assignment; so as to invalidate a payment, made by him, or his heirs, or representatives, to the assignor.

The recording of the assignment of a mortgage is only constructive notice of such assignment; as against persons claiming by virtue of some subsequent assignment or conveyance from the mortgagee, or assignor of the mortgage, or his representatives.

THIS was an application by the defendant Smith, to open a decree which had been duly entered and enrolled; and to let

him in to defend the suit. The bill was filed to foreclose a mortgage, given to W. Smith by J. Hebard, upon a lot in Chautauque county, in March, 1833; which lot was then owned by the mortgagor, but was conveyed by him to the defendant C. Smith, with warranty, in March, 1836. The mortgage was duly recorded soon after its date; and in November, 1834, the bond and mortgage were assigned by the mortgagee to J. Lovell, and such assignment was duly recorded on the second of December thereafter. Lovell having died, his executors, as the guardians of his infant children, assigned the bond and mortgage to the complainants; which assignment was also duly recorded. In September, 1846, the bill in this cause was filed, to foreclose the mortgage, and the subpœna was personally served upon the defendant C. Smith, and wife; but the mortgagee being an absentee, and irresponsible, the complainants subsequently dismissed their bill as to him. Immediately after the service of the subpœna, the defendant Smith instituted an inquiry, and learned that the mortgage had been assigned to Lovell, and that the assignment had been recorded; and he was also informed by Hebard, the mortgagor, that the latter had paid the whole amount of such mortgage to the mortgagee, in 1836, and without notice of the assignment. But being advised by counsel, with whom he then consulted, that he had no defence to the suit, and relying upon the promise of W. Smith, the mortgagor, that he would cause the matter to be settled, he made no defence, and did not enter his appearance in the suit. The bill was, therefore, taken as confessed, against him and his wife, about the first of December, 1841. In May, 1842, a final decree for the foreclosure and sale of the mortgaged premises, to pay the amount of the mortgage with interest and costs, was entered; and in June, in the same year, the premises were advertised for sale, by the master, under the decree. About the last of July or the first of August, 1842, the defendant, upon consulting other counsel, was advised that he had a good defence to the suit; and on the first of October thereafter he sent notice by mail, to the complainant's solicitor, of an application, to be made on the third Tues-

day of the same month, to discharge the enrolment and open the decree, and to set aside the order taking the bill as confessed, and all subsequent proceedings, and to permit the defendants to come in and make a defence to the suit.

*J. Rhoades,* for the defendants.

*W. Betts,* for the complainants.

THE CHANCELLOR.    There is no doubt that the facts stated in the defendant's petition, if proved, would have constituted a good defence to this suit.    For by express provision of the revised statutes, the recording of the assignment of a mortgage is not of itself to be deemed notice of such assignment to the mortgagor, so as to invalidate any payment made by him, or his heirs or representatives, to the mortgagee.    (1 *R. S.* 763, § 41.)    The recording of the assignment of a mortgage is only constructive notice, of such assignment, as against persons claiming by virtue of some subsequent assignment or conveyance from the mortgagee, or assignor of the mortgage, or his representatives.(*a*)    If this application, therefore, had been made immediately after the defendant was informed of the alleged improper and wrongful act of the mortgagee, in receiving payment of the debt after he had sold and assigned all his interest in the bond and mortgage to Lovell, it would have been almost a matter of course to open the order to take the bill as confessed, and to let the defendants in to defend.

It appears by the petition, however, that the defendant C.

(*a*) *James* v. *Morey*, (2 *Cowen*, 246.) *Reed* v. *Marble*, (10 *Paige*, 409.) These decisions go upon the principle that there is no statute requiring assignments of mortgages to be recorded, and making such recording constructive notice to the mortgagor. (*See James* v *Morey, supra.*) And in *Williams* v. *Birbeck*, (1 *Hoff. Ch. Rep.* 359,) it was held that no one is chargeable with constructive notice of an instrument from its being recorded; unless the law makes it necessary to record it. It has also been decided in Alabama, that the registration of a deed or other writing, is not notice to the world of its contents, unless made so by statute. (*Baker* v. *Washington*, 5 *Stew. & Port.* 142. *Tatum* v. *Young*, 1 *Porter*, 298.) And a similar decision has been made in Maryland. (*Cheney* v. *Watkins*, 1 *Har. & John.* 527.) In *Roberts* ads. *Jackson*, (1 *Wend.* 485,) Savage, Ch. J. says the recording

Smith was fully apprized of every fact which he now wishes to set up a defence to this suit, nearly a year before this application was made, and that he intentionally neglected to appear and defend the suit; because the counsel then employed by him advised him that these facts constituted no defence. But he does not state who such counsel were, or that they are irresponsible. Nor is their affidavit produced, showing or explaining how such advice happened to be given; not only in opposition to the settled rule of the common law on that subject, but also in the face of a positive provision of the revised statutes.

Besides; the neglect of the defendants to set up the defence at the time the facts first came to their knowledge, has probably deprived the infant wards of the complainant, for whose benefit this suit is brought, of their remedy against the assignor of the mortgage; to recover back the money which he received to the use of their father, the assignee. For if an answer had been put in, setting up this defence, in the fall of 1841, or the winter subsequent thereto, it would not have been too late for the executors of Lovell to recover back the $600, which the mortgagee had received, to the use of the assignee, in the spring of 1836. But by waiting till the fall of 1842, before they apprized the complainants of this alleged defence of a payment to the mortgagee, the claim against the latter, in favor of the executor, was probably barred by the statute of limitations. These defendants having relied upon the promise of W. Smith to have the matter arranged, and having concealed from the complainants the knowledge of the fact that the mortgagee had

of an assignment of a mortgage is not necessary to its validity; but that it may be recorded, and that its execution may be proved in the same way as a mortgage. In *Williams* v. *Birbeck, supra,* the assistant vice chancellor expresses the opinion that since the adoption of the revised statutes, an assignment of a mortgage must be recorded, to protect the assignee against a subsequent assignment of the mortgage, without notice.

Notice by the recording acts is not retrospective, so as to affect existing, vested rights. (*Stuyvesant* v. *Hone,* 1 *Sand. Ch. Rep.* 419.) And the recording of a deed or mortgage, is not notice of its existence, to a prior mortgagee. (*Idem.*) It is the duty of a subsequent purchaser, or incumbrancer, to give to such mortgagee, actual notice of his rights, in order to affect the latter. (*Idem.*)

received the money due upon the mortgage, until the remedy of the executors of Lovell against W. Smith was endangered, if not absolutely barred, I think the infant wards of the complainants ought not to sustain the loss. The petitioners must, therefore, be left to seek their remedy against W. Smith, upon his promise to them, or against the counsel whose erroneous advice prevented them from making their defence when it should have been made, if the allegations in their petition are correct.

As Hebard, the mortgagor, had parted with all his interest in the mortgaged premises, he was not a necessary party. And being an absentee and without property, it would have been useless to continue the suit against him. The bill was therefore properly dismissed as to Hebard. The petition must therefore be denied with $10 costs, to be paid by C. Smith.