Ruggles, O. J.
 

 The mortgage sought to be foreclosed was executed on the 3d of August 1839, by Jeremiah W. Blydenburgh to Richard F. Blydenburgh, for $3497.13,
 
 *144
 
 payable on the 1st of March 1840. The mortgagee assigned it to William C. Atwell on the 5th August 1839; Atwell assigned it to Calder on the 17th of March 1840, to secure the payment of $250; and on the 17th of March 1840, Calder assigned it to the plaintiffs to secure the payment of the like sum.
 

 J. W. Blydenburgh by deed bearing date 4th May * 145 "1 executed *in presence of J. F. Searing, and -* acknowledged before him as commissioner of deeds, on the first day of October of that year, conveyed the mortgaged premises to William C. Atwell in fee; the deed contained the usual full covenants. On the same day (1st October 1840), Atwell made a certificate acknowledging that the mortgage in question was paid; this certificate was acknowledged on the. same day, before the same commissioner. The deed and certificate, therefore, seem to be parts of one and the same transaction, both executed on the first of October. Looking at the affair in this light, it appears, that J. W. Blydenburgh conveyed the land to W. O. Atwell in satisfaction of the mortgage.
 

 It was clearly a fraud on the part of Atwell, to give this certificate of satisfaction; because he had previously assigned the mortgage to Calder, and knew that he had no authority to discharge it.
 

 J. W. Blydenburgh sets up in his answer (not under oath), that he paid the mortgage-money to Atwell in good faith, and without notice of the assignment to Calder ; but there is no proof of the payment of any money by Blydenburgh to Atwell. It appears that he conveyed him the land; and in Atwells hands, the land is clearly chargeable with the payment of the complainant’s debt, and neither W. O. Atwell nor George Atwell, to whom the land was afterwards conveyed, have appealed from the decree. The only ground, therefore, if there be any, on which J. W. Blydenburgh can complain of the decree is, that he is charged with the payment of the deficiency,
 
 *145
 
 in case the mortgaged premises should fail to bring, upon a sale, a sum sufficient to satisfy the complainant’s demand. Judging of the value of the land, from the amount of the purchase-money expressed in the deed, the amount of the plaintiff’s demand is so small, as to show that objection to the decree to be rather formal than substantial. But were it otherwise, the decree ought not to be reversed on this point. There are circumstances in the case, which ought to have put Blydenburgh upon inquiry as to Atwell’s right to discharge the mortgage-debt. The bond and mortgage were not in his possession, at the time the certificate *of discharge was given; the complainants in their *- bill offer to produce them, and the inference is, that they were in the complainants’ hands, when the discharge was given. There ,is neither allegation nor proof, that Blydenburgh made'any inquiry of Atwell for the bond and mortgage, nor that any misrepresentation was made by Atwell on that point. In the common and usual course of business, Atwell, if he had been the owner of the bond and mortgage, would have delivered them to Blydenburgh, when the satisfaction was acknowledged; and it is against all probability, that Blydenburgh would have paid the debt, either in money or by a conveyance of the land, without inquiry for his bond. That inquiry would have resulted, either in a 'discovery of the fact that the securities had been previously assigned by Atwell, or in a misrepresentation made by him of the true state of the case. Such a misrepresentation might have excused Blydenburgh; it would have been evidence of his good faith in taking the discharge. His answer, not being on oath, is not evidence in his favor, and the circumstances referred to raise a presumption against him, which he was bound to remove by proof; this he has not done.
 

 Sherwood was a purchaser
 
 pendente lite,
 
 and after
 
 *146
 
 notice of
 
 Us pendens
 
 filed; he is, therefore, to be regarded as a purchaser with notice of the complainants’ claim.
 

 Judgment affirmed.
 
 [1]
 

 [1]
 

 See Foster
 
 v.
 
 Beals, 21 N. Y. 247 ; Kellogg v. Smith, 26 Ibid. 18. These authorities do not apply to a partial payment in good faith to the mortgagee, without the production of the securities for the debt. Van Keuren
 
 v.
 
 Corkins, 66 N. Y. 77 ; s. c. 4 Hun 129 ; Wanzer
 
 v.
 
 Cary, 12 Ibid. 403 ; s. c. 76 N. Y. 526. Nor do they apply to a purchaser of the land. Purdy v. Huntington, 46 Barb. 389 ; s. o. 42 N. Y. 334.