## VAN KEUREN v. CORKINS.

*Payment — by mortgagor to mortgagee after assignment of mortgage. Evidence — failure to demand delivery of mortgage when paid in full — presumption of bad faith.*

Payments on a mortgage debt to the mortgagee by the mortgagor in good faith and without notice of an assignment of the mortgage *held* valid as against the assignee.

The assignee of a mortgage had permitted the mortgagee to receive the payments of principal and interest upon the mortgage. *Held*, that an omission on the part of the mortgagee to require a delivery up of the mortgage and accompanying bond when completing the payments, would not raise the presumption of bad faith.

APPEAL by plaintiff from a judgment in favor of defendants entered upon a decision of the court at special term.

The action was brought by Helen H. Van Keuren, by her guardian *ad litem*, against Margaret Corkins and others, to foreclose a mortgage. The mortgage in question was executed in 1865 by Michael Corkins to secure the payment of $2,966.66 to Thomas George and one Carter. In 1866 George and Carter assigned the same to one Hill. In 1870 the executor of Hill assigned the same to one Van Keuren, and the administrator of Van Keuren assigned it to plaintiff, through her guardian, in 1871. None of these assignments were recorded until 1874, and the mortgagor had no knowledge or notice of said assignments, or any of them. Between the time of the execution of the mortgage and July 23, 1868, said Michael Corkins paid to said George the entire sum secured by the mortgage, and on the 20th of January, 1870, George and Carter executed and acknowledged a certificate of satisfaction of the mortgage, which was duly recorded. The bond accompanying the mortgage remained in the actual possession of said George from the time of its execution up to March, 1870. The Newburgh Savings Bank, one of the defendants, held a mortgage executed by Michael Corkins the same day the satisfaction was filed. Before the commencement of this action Michael Corkins died. Such other facts as are material appear in the opinion.

*Hulse, Little & Finn*, for appellant.

*E. A. Brewster*, for respondent.

Present — TAPPEN and GILBERT, JJ.

GILBERT, J.  The main question in this case is whether pay-ments made by a mortgagor to the mortgagees on account of the mortgage debt, after the latter have assigned and thereby parted with all their interest in the mortgage, without notice of such assignment, are valid, and we are of the opinion that they are. The mortgagor purchased the mortgaged premises of the mortga-gees, and gave the bond and mortgage in question in part payment of the purchase-money thereof.  There is not the slightest evidence that he had any actual notice, when such payments were made, that the mortgage debt had been transferred or assigned.  No assign-ment had been recorded, but if the fact were otherwise the pay-ments would still have been good.  For it is expressly provided by statute, that the recording of an assignment of a mortgage shall not be deemed, in itself, notice of such assignment to a mortgagor, his heirs or personal representatives, so as to invalidate any payment made by them, or either of them, to the mortgagee.  1 R. S. 763, § 41.  Payments made by the debtor to the original creditor in good faith, and without notice that such creditor had parted with the debt, have always been upheld.  In *Reed* v. *Marble*, 10 Paige, 413, Chancellor WALWORTH held that " the assignee of a bond and mort-gage, as well as assignees of other choses in action, must give notice of the assignment, if he wishes to protect himself against a *bona fide* payment to the assignor by the mortgagor," and in so doing he only reiterated an elementary rule of law.

It is objected that the judge at special term did not find that the payments were made in good faith.  He did find, however, that the payments were valid and effectual.  That necessarily comprehends every fact which is essential to make them so.

It is again urged that the judge erred in refusing to find, as requested by the plaintiff, that the mortgagor made no inquiry for the bond and mortgage, and that no representations, as to the cus-tody or ownership of them, were made to him when the payments were made, and that he did not require the delivery of them to him when he made the last payment.  The answer to this is, that there was no evidence in respect to these facts.  There is evidence which warrants the finding that the bond and mortgage were in the pos-session of George, one of the mortgagees, who received the payments as late as March 25, 1870, for it was proved that an indorsement on the bond of that date was in his handwriting, and it was admitted

on the part of the plaintiff that the balance due upon the bond and mortgage was paid July 23, 1868. Evidence was given by the plaintiff tending to show that the bond and mortgage were in the possession of other persons when all the payments were made. Where there is a contrariety of evidence the court cannot be called upon to find the disputed fact in favor of or against either party, and a refusal to do so furnishes no ground for an exception. *Beck* v. *Sheldon*, 48 N. Y. 369. For this reason, also, the finding of the court, that the bond and mortgage remained in the possession of George until March 25, 1870, ought not to be disturbed.

Under some circumstances the omission of a mortgagor, when paying off his bond and mortgage, to require a delivery up of the securities, may raise a presumption that the payment was not made in good faith. *Brown* v. *Blydenburgh*, 7 N. Y. 141; *Doubleday* v. *Kress*, 50 id. 410. But no such presumption can arise in this case, because each assignee of the mortgage had permitted George, from time to time, to receive payments on account of both principal and interest, thereby impliedly constituting him their agent for that purpose. Having repeatedly given their sanction to such acts on the part of George, without any notice that the bond and mortgage had been assigned, or that there was a lack of authority in George to receive the payments, they are estopped to deny his authority. For the same reason the receipts given by George were properly admitted in evidence as the acts of the parties who had thus empowered him to act in their behalf.

The Newburgh Savings Bank unquestionably is a subsequent purchaser in good faith (1 R. S. 762, §§ 37, 38), and the assignments of the bond and mortgage, not having been recorded, were, by the express provisions of the statute, void as to such purchaser. 1 R. S. 756, § 1; 762, § 38. The mortgage was properly discharged of record. Id. 761, § 28.

When the mortgage to the bank was given nothing appeared on the record to apprise them that the plaintiff's mortgage was outstanding. They are, therefore, perfectly protected by the record. The cases of *Raynor* v. *Wilson*, 6 Hill, 469, and *N. Y. L. Ins. Co.* v. *Smith*, 2 Barb. Ch. 82, to which we were referred, contain nothing in conflict with this principle.

These remarks, if correct, dispose of all the questions in the case, and require an affirmance of the judgment.

The judgment is affirmed, with costs.

*Judgment affirmed.*