HELEN H. VAN KEUREN, by Guardian, etc., Appellant, *v.* MARGARET CORKINS et al., Respondents.

A payment upon a bond and mortgage made by the mortgagor to the mortgagee, after an assignment thereof by the latter, when made in good faith, without notice, actual or constructive, of the assignment, is valid.

The fact that payment was made before due is no evidence of bad faith; nor is a want of good faith to be inferred from the facts that the bond and mortgage were not produced and payment indorsed thereon when made; or were not produced when payment in full was made, and satisfaction of the mortgage executed, or that no inquiries were made in regard to them; a failure to produce the instruments is not sufficient to put the mortgagor upon inquiry.

A receipt given by the mortgagee at the time of payment is proper evidence in an action by an assignee, as part of the *res gestæ*.

Where a mortgage which has been assigned, but the assignment not recorded, is satisfied of record by the mortgagee, a subsequent mortgagee is a " subsequent purchaser," within the recording act (1 R. S., 762; §§ 37, 38); and as to him the assignment is void.

(Argued April 14, 1876; decided April 25, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department affirming a decision in favor of defendants, entered upon a decision of the court on trial at Special Term. (Reported below, 4 Hun, 129.)

This was an action to foreclose a mortgage executed September 1, 1865, by Michael Corkins and wife, to secure a bond of said Corkins given to Thomas George and Enoch Carter.

On the 20th June, 1866, said bond and mortgage were assigned by the mortgagees to one John Hill, Jr., and through various intermediate assignments were transferred to plaintiff. None of the assignments were recorded until after August, 1874. Corkins made various payments to George, one of the mortgagees, some of them before due, and in July, 1868, paid the balance unpaid in full; and thereafter, in January, 1871, the

mortgagees executed a satisfaction, which was duly filed, and the mortgage satisfied of record. The papers were not pro-duced at the times of payment, or at the time the satisfaction-piece was given, and it does not appear that any inquiries were made in reference thereto. Receipts were given for the various payments when made. These were offered in evidence, were objected to, and received under objection and exception.

The court found that, "all of said payments were made by said Corkins, without any knowledge or notice whatever that said George and Carter had ever assigned or transferred the said bond and mortgage to any person whatever."

On November 12, 1870, the defendant The Newburgh Savings Bank loaned to Corkins $1,000, and took, as security, a mortgage on said premises, which mortgage was duly recorded November 14, 1870. Previous to making such loan, said bank caused the records to be searched, and made such loan relying on the facts that the premises were unincumbered, and without any knowledge or notice whatever of the mortgage mentioned in the complaint. The bond mentioned in the complaint remained in the actual possession of said Thomas George until as late as March 25, 1870.

*Gilbert O. Hulse* for the appellant. Evidence of payment made by the mortgagor to one of the mortgagees after the assignment and the receipts of the mortgagees and the satisfaction-piece made by them were improperly received in evidence. (*Paige* v. *Cagwin*, 7 Hill, 361; *Foster* v. *Beals*, 21 N. Y., 247; *Brown* v. *Blydenburgh*, 3 Seld., 141.) The payments made by the mortgagor, although made in good faith and without notice of the assignment, and subsequent thereto, are not a bar to a recovery herein. (Edw. on Bills, §§ 548, 576; *Mfg. Co.* v. *Reynolds*, 2 Hill, 140; 4 Mass., 372; 14 Grat., 1; *Brown* v. *Blydenburgh*, 7 N. Y., 141; *Foster* v. *Beals*, 21 id., 251, 252; *Kellogg* v. *Smith*, 26 id., 18, 23, 25; *Purdy* v. *Huntington*, 42 id., 334, 339; *Doubleday* v. *Kress*, 50 id., 410; Jeremy's Eq. Jur., 282; Willard's Eq. Jur., 446; *Martin* v.

*Hawkes,* 15 J. R., 405; 12 id., 343; 19 id., 96, 97; *Wilkins* v. *Batterman,* 4 Barb., 47; *Reed* v. *Marble,* 10 Paige, 409; *N. Y. L. and T. Co.* v. *Smith,* 2 Barb. Ch., 82; *James* v. *Morey,* 2 Cow., 288; Story on Ag., § 98.) In the absence of a finding that the payments by the mortgagor were made in good faith, plaintiff is entitled to recover. (*Foster* v. *Beals,* 21 N. Y., 252; *Purdy* v. *Huntington,* 42 id., 339.) Defendant The Newburgh Savings Bank is not entitled to precedence over plaintiff's mortgage. (*Raynor* v. *Wilson,* 6 Hill, 469; *N. Y. L. Ins. Co.* v. *Smith,* 2 Barb. Ch., 82; 42 N. Y., 334–339.) The act of George in giving the satisfaction is a nullity. (7 N. Y., 141, 145; 26 id., 18; 50 id., 416.)

*Samuel Hand* for the respondents. The payments made by the mortgagor to George were valid payments on the bond and mortgage, and extinguished it. (1 R. S., 763, § 41; 2 Sandf. Ch., 325; *Foster* v. *Beals,* 21 N. Y., 247; *James* v. *Morey,* 2 Cow., 288; *Reed* v. *Marble,* 10 Paige, 409; *N. Y. L. and T. Co.* v. *Smith,* 2 Barb. Ch., 82.) The Newburgh Savings Bank having no notice of the assignment of the mortgage, had a right to rely on the records. (1 R. S., 762, §§ 37, 38; *Ely* v. *Schofield,* 35 Barb., 330.) The receipts of George were properly received in evidence. (*Bk. of Monroe* v. *Culver,* 2 Hill, 531.) The assignees of the mortgage, by leaving it with George, and by receiving payments only through him, constituted him their agent to receive payment of the mortgage, and are bound by his acts. (*Williams* v. *Walker,* 2 Sandf. Ch., 325.)

MILLER, J. The payments of the mortgagor to the mortgagees were clearly made without any knowledge of the mortgagor that the bond and mortgage had been assigned. The case is utterly destitute of any evidence showing that the mortgagor had notice of the assignment of the bond and mortgage, or that he had any reason to believe that the same had been transferred to another person. He most manifestly acted in good faith in making the payments; and no circum-

stances are proved to exist which demanded of him any greater degree of vigilance than was manifested or that created suspicion which should have put him upon inquiry. The assignments were not put on record, so as to give notice to the mortgagor. But even if such had been the case the mortgagor was entitled to protection under the statute, which provides that the recording of an assignment shall not, of itself, be deemed notice of the same to a mortgagor, so as to invalidate any payment made. (1 R. S., 763, § 41.) It is a well established rule that the assignee of a bond and mortgage, if he wishes to protect himself against *bona fide* pay ments by the mortgagor to the mortgagee, must notify the mortgagor of the assignment. (*Reed* v. *Marble*, 10 Paige, 409; *James* v. *More*, 2 Cow., 258; *N. Y. Life Ins. and T. Co.* v. *Smith*, 2 Barb. Ch., 82.) The rule stated is a salutary one, and protects the rights of parties affected by an assignment from fraud or imposition. It is true, where actual notice is not given, if the circumstances under which the payments are made are such as to show constructive notice, the mortgagor may be chargeable with notice of the transfer.

The evidence discloses no facts which authorize the conclusion that the mortgagor, in any way, had notice or knowledge which should have induced him to forego the payments which he made. There was no suspicious circumstance within the rules, as to notice, which is established by the recording act, as well as upon equitable principles, which was sufficient to put him upon inquiry, or involved a question as to his good faith. The mortgagor was justified in making payment before the money was due; and this circumstance furnishes no ground for assuming that he was bound to make inquiry, or that he acted in bad faith. Nor is a want of good faith to be inferred because the bond and mortgage were not produced when the payments were made, and the payments indorsed thereon, nor any inquiries made in regard to the same. The possession of the securities is an important circumstance when the payment is made to the agent or attorney (2 Sandf. Ch. R., 325); but it is by no means controlling

when they are made to the mortgagee. In such a case a failure to produce the bond and mortgage was held to be insufficient, as a matter of law, to put the mortgagor upon inquiry. (*Foster* v. *Beals*, 21 N. Y., 247.) It is true that in the case cited there was a suggestion of a false reason to excuse their production; but this does not affect the principle; and, as was there said in the opinion, the true question is always one of good faith. Besides, there was evidence to show that George had possession of the bond and mortgage, and the judge found, with sufficient evidence to warrant the conclusion, that George had possession of the bond at the time of the payment.

The case of *Brown* v. *Blydenburgh* (7 N. Y., 141), and that of *Kellogg* v. *Smith* (26 id., 18), have no application to a case of payment, nor do any of the authorities cited sustain the position that mere non-production of the bond and mortgage, or a want of inquiry, under circumstances like those which are here presented, show bad faith. The observations the court made in the case last cited are also applicable to the non-production of the bond and mortgage when this mortgage was satisfied.

None of the exceptions to the refusal of the judge to find are well taken; nor was there any error in any of the findings made. Such of the findings excepted to as are at all material, are sufficiently considered and properly disposed of in the opinion of the General Term.

There is no force in the objections made to the admission of evidence. The receipts were properly received in connection with the evidence of payments. They were admitted as a part of George's testimony under the stipulation; and it was proper to show that receipts were given, as a part of the *res gestæ.* (*Bank of Monroe* v. *Culver*, 2 Hill 531.)

The finding of the judge that Corkins paid the balance in full then due and unpaid, is sustained by proof, accompanied by a receipt for the same to that effect. A mere computation that this is incorrect, without proof to establish its accuracy, is not sufficient to authorize the conclusion that the finding

was erroneous. While a new trial might, perhaps, have been granted by the General Term for a supposed error thus presented, it is not within the province of this court to interfere for any such reason. No exception was taken to the finding of fact, upon the trial, and no question raised on that subject, and it may properly be assumed that the evidence was sufficient to establish the correctness of such finding. Under no circumstances could the rights of the Savings Bank of Newburgh be affected by any such alleged error.

So far as the rights of the Savings bank are in controversy they had a right to rely upon the records. To all intents and purposes they were subsequent purchasers, in good faith, under the statute (1 R. S., 762, §§ 37, 38); and the assignments of the bond and mortgage not having been recorded, they were void as to such purchasers. (1 R. S., 756, § 1; 762, § 38.)

No other question arises which demands comment; and as the case was properly disposed of in the court below, the judgment must be affirmed, with costs.

All concur.

Judgment affirmed.