MARY A. BACON, Appellant, *v.* J. LANSING VAN SCHOONHOVEN, Impleaded, etc., Respondent.

A satisfaction-piece of a mortgage is a conveyance within the meaning of the Recording Act, and one who advances money to be secured by bond and mortgage upon the faith of a satisfaction-piece of a prior mortgage upon the premises is a "*bona fide* purchaser" within the provisions of said act. (1 R. S. 762, §§ 37, 38.)

An assignment of a mortgage is also a conveyance within said act, and if not recorded is void, not merely as against subsequent purchasers of the same mortgage, but also as against subsequent purchasers of the mortgaged premises whose conveyances are first recorded.

Where, therefore, a lender, as a condition of making a loan on bond and mortgage, required the satisfaction of a prior mortgage on the premises, and the borrower procured from the mortgagee, who had in fact assigned the mortgage, the assignment however not having been recorded, a satisfaction of the mortgage, which he delivered with the new bond and mortgage to the lender, who, upon the faith of the satisfaction-piece, without knowledge of the assignment, and in the belief that the prior mortgage had been paid and satisfied, advanced the money and placed his mortgage on record before the assignment was recorded. *Held*, that the junior mortgage had the priority of lien.

Also *held*, that the fact that the prior bond and mortgage were not pro-

duced when the satisfaction-piece was delivered did not affect the position of the junior mortgagee as *bona fide* purchaser.

After the assignment of the first mortgage was put on record, the junior mortgagee purchased and took an assignment of another mortgage on the premises, which was prior to his own, but subsequent to the first mortgage. *Held*, that as he purchased charged with constructive notice of the first mortgage, the unauthorized satisfaction-piece did not avail him; and, as to the mortgage so purchased, the first mortgage had the priority of lien.

(Argued December 14, 1881; decided January 17, 1882.)

APPEAL from order of the General Term of the Supreme Court, in the third judicial department, made November 26, 1879, which reversed a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term, and ordered a new trial. (Reported below, 19 Hun, 158.)

The nature of the action and the material facts are stated in the opinion.

*Matthew Hale* for appellant. Where a recorded mortgage has been assigned by the mortgagee, and the assignments are not recorded, it cannot be satisfied by the mortgagee as against the assignee in favor of a subsequent purchaser or mortgagee of the mortgaged premises, without actual payment. (Recording Act, §§ 28, 29; *Lounds* v. *Remsen*, 7 Wend. 35; *Booth* v. *Farmers' Bk.*, 50 N. Y. 401; *Ely* v. *Schofield*, 35 Barb. 334, 336; *Campbell* v. *Veeder*, 3 Keyes, 178; 1 Abb. Ct. of App. Dec. 295; *Purdy* v. *Huntington*, 42 N. Y. 338-9; *Westbrook* v. *Gleason*, 79 id. 30–32; *Meech* v. *Patchin*, 4 Kern. 71.) It is not necessary to record the assignment of a mortgage as against a subsequent purchaser of the mortgaged premises, but only as against a subsequent purchaser of the mortgage itself. (*Greene* v. *Warnick*, 64 N. Y. 226, 227; *Crane* v. *Turner*, 67 id. 440, 441; *Campbell* v. *Veeder*, 3 Keyes, 178; *Purdy* v. *Huntington*, 42 N. Y. 338-9, 348-9; *Vanderkemp* v. *Shelton*, 11 Paige, 29; *Brown* v. *Blydenburg*, 7 N. Y. 141; *Westbrook* v. *Gleason*, 79 id. 30, 32; *Bank of Saving* v. *Frank*, 56 How. 410; *Viele* v. *Judson*, 82 N. Y. 32.) Defendant was negligent in not making inquiries, and

his negligence in that regard deprives him of the protection given to a *bona fide* purchaser. (*Purdy* v. *Huntington*, 42 N. Y. 338, 339; *Kelley* v. *Smith*, 26 id. 18; *Brown* v. *Blydenburg*, 7 id. 145, 146; *Williamson* v. *Brown*, 15 id. 354; *Kellogg* v. *Smith*, 26 id. 20, 21.)

*Charles E. Patterson* for respondent. The language of the Recording Acts makes an assignment of a mortgage a " conveyance," and the defendant is " a subsequent purchaser in good faith, and for a valuable consideration; " and as to him, the assignment of the Owens mortgage to the plaintiff was void because not recorded. (2 R. S. [6th ed.] 115, §§ 71, 82; 1 R. S. 772, §§ 37, 38; *Vanderkemp* v. *Shelton*, 11 Paige, 28, 37–38; *Belden* v. *Meeker*, 2 Lans. 470, 475; *S. C.*, 47 N. Y. 307; *Westbrook* v. *Gleason*, 79 id. 30; *Viele* v. *Judson*, 82 id. 32, 36; *Decker* v. *Boice*, 83 id. 215; *Stocks* v. *Dobson*, 4 De G., M. & G. 11; *Trustees Union College* v. *Wheeler*, 61 N. Y. 121.) The defendant was a subsequent purchaser of the prior mortgage, or of the interest conveyed by the prior mortgage, and he properly recorded the satisfaction-piece, and the record was thereby made perfect. (*Westbrook* v. *Gleason*, 79 N. Y. 23.)

RAPALLO, J. On the 4th of February, 1876, Grodus W. Smith, then being sole owner of the premises in question, mortgaged them to the defendant Van Schoonhoven, to secure a loan of $3,800, made by him at the time. Before consummating the loan Van Schoonhoven examined the title and found on record a mortgage for $3,500 on the same premises, made by Grodus W. Smith and Samuel W. Smith, to Matthew Owen, dated October 10, and recorded October 13, 1866, of which he required said Smith to procure a satisfaction before completing the loan. No assignment of that mortgage appeared upon record, and Van Schoonhoven had no notice or knowledge of any assignment thereof, or that any person other than Owen had any interest therein. On the 4th day of February, 1876, Smith delivered to Van Schoonhoven his said mortgage for $3,800, and at the same time produced and delivered to

him a satisfaction-piece of the Owen mortgage, executed by said Matthew Owen, and acknowledged so as to entitle it to be recorded, and Van Schoonhoven thereupon advanced the $3,800. On the 9th of February, 1876, and before any assignment of the Owen mortgage had been put on record, Van Schoonhoven caused his own mortgage and said satisfaction-piece to be recorded.

It now appears that the Owen mortgage had been assigned by Owen to William C. Smith, in 1867, and by the latter to the plaintiff in 1868, but that neither of these assignments was recorded until February 9, 1877, one year after the satisfaction-piece and the mortgage to Van Schoonhoven had been recorded. The plaintiff brought this action to foreclose the said Owen mortgage, upon which there is still due and unpaid $1,000 with interest from October 1, 1877, and she claims priority over the mortgage to Van Schoonhoven. The satisfaction-piece was procured by Smith from Owen about February 4, 1876, by the false representation that the mortgage had been paid. No payment was made to Owen at the time of the execution of the satisfaction-piece. Van Schoonhoven loaned the $3,800, believing the fact to be that the Owen mortgage had never been assigned, and that it was fully paid and satisfied so as to be discharged of record. It was not produced by Smith at the time of the loan, but was at that time owned by the plaintiff. All these facts appear from the findings of the trial judge. It is beyond question upon these findings that Van Schoonhoven advanced his money upon the faith of the satisfaction-piece and of his mortgage, and that he stands in the position of a *bona fide* purchaser of the mortgaged premises, within the provisions of the Recording Act. (1 R. S. 756, §§ 1, 37, 38.)

His conveyance was also recorded before those under which the plaintiff claims. The term "conveyance," as used in the act, must be construed to embrace " every instrument in writing by which any estate or interest in real estate is created, aliened, mortgaged or assigned, or by which the title to any real estate may be affected in law or equity," except, etc. The conveyances under which the defendant claims are the satis-

faction-piece and the mortgage for $3,800. Together they create a lien on the land in his favor, free from the Owen mortgage. Van Schoonhoven's mortgage is a conveyance, within the express terms of the act, and we think that the satisfaction-piece also comes within the statutory definition. It is an instrument by which the title to the land may be affected in law or equity. It purports to discharge the land from the lien of the Owen mortgage, and it does so effectually, if the assignments of that mortgage are void as against Van Schoonhoven by reason of their not having been recorded. It is equivalent to a release of the mortgaged premises. Instruments creating liens by way of mortgage, being expressly declared to be embraced, for the purposes of this act, in the term "conveyance," it is difficult to conceive any reason why instruments discharging such liens should not be included in the general definition of "instruments by which any estate or interest in land may be affected in law or equity."

The assignments of the Owen mortgage are also conveyances within the act. This is well settled by authority, and such assignments, if not recorded, are void, not merely as against subsequent purchasers of the same mortgage, but also as against subsequent purchasers of the mortgaged premises, whose interests may be affected by such assignments, and whose conveyances are first recorded. (*Decker* v. *Boice*, 83 N. Y. 215; *Westbrook* v. *Gleason*, 79 id. 23. See, also, *Viele* v. *Judson*, 82 id. 32.) And we see no escape from the conclusion, that under the provisions of the act they were void as to the defendant Van Schoonhoven.

It must be conceded, that under the decisions in *Ely* v. *Scofield* (35 Barb. 330), and in *Van Keuren* v. *Corkin* (66 N. Y. 77), where the doctrine of the case last cited was affirmed, the plaintiff's mortgage would be deemed discharged as to the defendant Van Schoonhoven, if the satisfaction-piece had been recorded before he advanced his money and took his mortgage. We do not think that there is any substantial distinction depending upon that circumstance. The defendant advanced his money on the faith of an instrument which he was entitled,

and had the power, to put on record, and which, as the record then stood, was effectual to discharge the mortgage. The law provided that every other instrument which might affect the title, and which was not recorded, and of which he had no notice, would be void as against him, provided he got his papers on record first. Extreme caution might have dictated that he should have all his papers recorded before he advanced his money, but it is not always in the power of a party to exercise this degree of caution ; he cannot usually obtain possession of the papers until he has paid the consideration, and he has to run the hazard, as a general rule, of some other instrument getting on record before his; but this is the only hazard which he incurs, if the record is right when he receives his papers ; and if he succeeds in recording them before any thing else intervenes, he is entitled to the protection of the Recording Act to the same extent as if he had recorded his papers before advancing his money.

It is further contended, that the defendant is not a *bona fide* purchaser, because the Owen bond and mortgage were not produced by Smith when he delivered the satisfaction-piece, and the cases of *Brown* v. *Blydenburgh* (7 N. Y. 141) and *Kellogg* v. *Smith* (26 id. 20) are relied upon as authority for this position. The first case cited holds that where a mortgagor pays or satisfies the mortgage debt by a dealing between himself and the mortgagee, ordinary caution requires him to obtain the surrender of his bond, and the fact that the mortgagee does not produce it is a circumstance which should put the mortgagor on inquiry. The second case holds the same rule with reference to one who takes an assignment of a bond and mortgage, without receiving the instrument which he purchases. In neither of these cases was the effect of the Recording Act considered, but the cases are not applicable to the present one. One who takes a conveyance or mortgage of real estate, relying upon the satisfaction of a prior mortgage made by a third party, has no occasion to call for the production of the mortgage which has been satisfied, or of the bond. He is neither the debtor, who should see that his own obligation is canceled when

he pays the debt, nor is he the purchaser of the obligation, who should obtain possession of the securities which he purchases. He has no right to the possession of the canceled instrument, and no occasion for it, and it cannot be that he is bound to suspect a fraud, when he sees that the mortgage has been satisfied by the party who stands upon the record as its owner and entitled to satisfy it.

There is another question in the case relating to the mortgage called the Carpenter mortgage. This mortgage was prior to the mortgage to Van Schoonhoven, but subsequent to the Owen mortgage. Van Schoonhoven purchased and took an assignment of the Carpenter mortgage in December, 1877, but before that time, viz., in February, 1877, the plaintiff's assignment of the Owen mortgage had been put on record. When he purchased the Carpenter mortgage, therefore, he had constructive notice of the plaintiff's rights, her assignment then being on record, and the unauthorized satisfaction of the Owen mortgage cannot avail Van Schoonhoven any more than it would have availed Carpenter to give the Carpenter mortgage priority over the Owen mortgage. The Carpenter mortgage must stand in the same position which it would have occupied if not assigned, and must be paid in the same order.

The order of the General Term should be affirmed, and judgment absolute rendered against the plaintiff, in favor of the defendant Van Schoonhoven, pursuant to her stipulation, with costs.

All concur.

Order affirmed, and judgment accordingly.