THE METROPOLITAN NATIONAL BANK OF NEW YORK, RESPONDENT, *v.* JOHN H. HALE, APPELLANT, IMPLEADED, ETC.

*Evidence — inspection of books kept by a witness — right of a party to examine them, in order to test the accuracy of the statements of the witness.*

In an action by the second indorser of a note against the makers, the defense was, that the note had been discounted for the payee by one McGeorge, at a usurious rate of interest. The plaintiff claimed that McGeorge was simply the broker of the defendants, and that the notes had no inception in his hands. McGeorge was called as a witness by the defendants and testified that he never discounted or owned the notes, and that he had sold them as the agent of the defendants, under an agreement by which he was to receive nine and one quarter per cent as commission. His books were produced upon the trial, but the court refused to allow the defendants' counsel to inspect them, or to compel the witness to examine them for the purpose of refreshing his memory as to the transaction as to which he had testified.

*Held,* that this was error.

That the defendants were entitled to know the contents of the books, for the purpose of examining McGeorge as to them and ascertaining whether he would adhere to the evidence given by him, if he found it to be contradicted by the records which he himself had made of the transaction.

*Semble,* that as the books showed the real transaction between McGeorge and the defendants, they might be admitted as evidence in the action.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

*Edgar A. Spencer,* for the appellant.

*J. M. Carroll,* for the respondent.

WESTBROOK, J.:

This action was brought upon four promissory notes made by J. H. Hale & Co., and payable to the order of John H. Bishop, at the " office of J. B. McGeorge, 20 Broad street, New York."

Bishop did not defend, but Hale did. The cause was tried at the Fulton Circuit, November 16, 1881, and the plaintiff had a verdict for the amount of the four notes with interest, and from the judgment entered upon the verdict the defendant Hale appeals.

On the trial no defense was made to the note first given, but it was claimed as to the others that they had been discounted for the defendant by J. B. McGeorge at a usurious rate of interest, who, after he had discounted them sold them to the plaintiff.

The claim of the plaintiff was that McGeorge was simply the broker, or agent of the defendant in making the sale, and that the notes had had no inception in his hands.

McGeorge was called as a witness by the defendant, and testified that he had never been the owner of the notes, had never discounted them, but that he had acted simply as the defendant's broker in selling them under an agreement that he " should render an account of sales at nine per cent, and one quarter of one per cent commission," which he had done.

The books of account of McGeorge, which he claimed showed the true history of the transactions between himself and the defendant, were in court, but the court refused the defendant's counsel the inspection of such books, refused to direct the witness to inspect them for the purpose of refreshing his recollection of the transactions to which he had testified, and in fact excluded all inspection and all reference to their contents.

It is unnecessary to decide whether the books of account of McGeorge were or were not evidence in this action. Possibly, as they showed the real transaction between McGeorge and the defendant, they might have been. (*Van Keuren* v. *Corkins*, 66 N. Y., 77.) This, however, is not decided. It is clear, however, that in an action and defense of this character, the defendant was entitled to know what the books contained, if not for the purpose of making them evidence, then at least for the purpose of examining McGeorge in regard to them, and thus to ascertain whether if the evidence he gave was contradicted by the records of the transactions kept by

himself, he would still adhere to his, original statement that he acted simply as the broker of the defendant, and had never himself discounted the notes and purchased them. A party calling a witness, while forbidden to impeach him, may still show him to be mistaken. He is not bound to accept as unqualifiedly true the first answer which a witness gives, especially when such witness is against him in feeling and interest, as was the case in this instance; he is not foreclosed from further inquiry, but may conduct the examination as he would a cross-examination.

It is said, however, that there is no proof that the books would have contradicted McGeorge. That is true, and it is also true that there was no evidence that they would not. The error consisted in stopping the inquiry. The defendant was compelled to accept McGeorge's statement, and to be content with that. If the books had corroborated McGeorge, the examination would probably have ended; if they did not, it was clearly the right of the defendant to ask McGeorge to explain, and ascertain whether he would not modify the evidence he had given. From this he was foreclosed, and the mistake was in not permitting an examination, which might have thrown great light upon the transactions involved.

We think there was error in the rulings to which we have referred; and that a new trial should be granted with costs to abide event.

LEARNED, P. J., concurred in the result.

Present — LEARNED, P. J., BOCKES and WESTBROOK, JJ.

Judgment and order reversed, new trial granted, costs to abide event.