MILDRED L. PETTUS, RESPONDENT, v. JOHN T. McGOWAN, INDIVIDUALLY, AND AS RECEIVER OF THE GUARDIAN SAVINGS INSTITUTION, APPELLANT, IMPLEADED, ETC.

*Recording acts — when the recording of an assignment of a mortgage is not a notice to the mortgagor of that fact —* 3 *R. S.* (7*th ed.*), 2222, *sec.* 41.

In October, 1870, one Phraner, who was the owner of a lot of ground in Brooklyn, gave a mortgage for $6,000 thereon. Thereafter on November 14, 1870, he gave another mortgage for $2,000 thereon to one Barnard, who assigned the same to an insurance company by a written instrument, dated November 18, 1870, which was recorded in the clerk's office on January 24, 1871. February 10, 1871, the premises were sold by Phraner to the plaintiff for $13,000, $7,000 being paid in cash, and the premises being taken subject to the $6,000 mortgage. On that day Phraner, in the presence of the plaintiff, paid the amount of the $2,000 mortgage to Barnard, in whose possession the bond and mortgage then were, and he then delivered a satisfaction-piece thereof duly executed, which was thereupon duly filed and recorded in the clerk's office. At this time neither Phraner nor the plaintiff knew that the bond and mortgage had been assigned to the insurance company.

In this action, brought against a receiver of the insurance company, to have the mortgage declared satisfied and discharged.

*Held,* that the plaintiff was entitled to recover.

That the payment to Barnard was protected by section 41 of 3 Revised Statutes. (7th ed.), 2222, and that the mere recording of the assignment was not notice to plaintiff of the fact of the assignment.

APPEAL by the defendant John T. McGowan, individually and as receiver, etc., from a judgment of the Kings County Special Term, adjudging that a certain mortgage had been paid and satisfied, etc.

On October 11, 1870, one William Phraner was the owner of the premises in Brooklyn known as No. 22 Cambridge Place. On that day he, with his wife, mortgaged said premises to the Brooklyn Life Insurance Company to secure $6,000, which mortgage was then duly recorded. On November 14, 1870, said Phraner and wife mortgaged the same premises to one John T. Barnard to secure Phraner's bond of same date for $2,000, and the mortgage was recorded November 17, 1870, in Kings county register's office, liber 963 of Mortgages, page 8. Barnard assigned his bond and mortgage to the Guardian Savings Institution by a written instrument dated November 18, 1870, and recorded in the clerk's office on January 24, 1871. In January, 1871, plaintiff agreed with said Phraner to purchase from him said premises for $13,000, of which $7,000 was to be paid in cash and the balance by assuming the $6,000 mortgage held by the Brooklyn Life Insurance Company. On February 10, 1871, the parties met to close the matter. The persons present were Mr. Pettus, acting for the plaintiff, David Barnett, plaintiff's lawyer, said William Phraner and his wife, and said John T. Barnard. Pettus paid to Phraner the entire purchase-money, less the cash ($1,000) paid on signing the contract and the $6,000 mortgage and interest held by the Brooklyn Life Insurance Company. Thereupon Phraner (the mortgagor) paid to Barnard (the mortgagee) $2,000 for the mortgage in question, and Phraner received from Barnard the original bond and mortgage and a satisfaction-piece, and the satisfaction-piece was filed and recorded, and the deed delivered to the plaintiff or her attorney. The register filed and recorded the satisfaction-piece and canceled and discharged of record the mortgage. At that time neither Phraner, the plaintiff, Mr. Pettus nor Mr. Barnett knew of any alleged assignment of this mortgage. The deed received by plaintiff from Phraner and wife of these premises was a full covenant warranty deed, con-

veying the premises for the consideration of $13,000, free from all incumbrance, except said $6,000 mortgage to the Brooklyn Life Insurance Company, which plaintiff assumed. Mr. Phraner died on the night of February 10, 1871, or the next day, immediately after the sale of the said premises to plaintiff, and Barnard is also dead. On this state of facts plaintiff brought this action, claiming, first, that this $2,000 mortgage had been properly paid and asking judgment to that effect in order to clear the record title, and, second, that she was entitled (if the $2,000 mortgage had not been properly paid) to be subrogated to the first mortgage of $6,000, and to have that mortgage reinstated and foreclosed, the amount of it with the accrued interest being sufficient to absorb the whole value ($9,500) of the premises, and to this end the Brooklyn Life Insurance Company and Farrington Hanford were also made defendants. On the trial the court held that the mortgage had been properly paid, whereupon plaintiff took no judgment upon her claim for subrogation.

*Luther R. Marsh,* for the appellant.

*Frederick H. Mann,* for the respondent.

BARNARD, P. J. :

This case seems a plain one. One Phraner had given a mortgage for $2,000 to John F. Barnard in 1870. The mortgagee Barnard assigned the mortgage to the Guardian Savings Bank in the same year, and early in 1871 the bank put the assignment on record. Within a short time after the assignment was recorded, the plaintiff agreed to buy the property free and clear, except a $6,000 mortgage held by the Brooklyn Life Insurance Company, also given by Phraner. The plaintiff knew nothing of the assignment, and when she took her deed in 1871, she paid Phraner all over the $6,000, and Phraner then and there paid Barnard the $2,000 and took a satisfaction of the mortgage from him. The plaintiff never knew of the assignment or of its record until about a year since, when she agreed to sell the property and her purchasers refused the title. The statute in respect to the recording of assignments provides that " the recording of an assignment of a mortgage shall not be deemed in itself notice of such an assignment to a mortgagor, his

heirs or personal representatives, so as to invalidate a payment made by them, or either of them, to the mortgagee."

The payment falls within 3 Revised Statutes (Banks' 7th ed.), 2222. Phraner made the payment to Barnard in plaintiff's presence, and in the absence of other proof of knowledge of the assignment, other than the recording of the assignment, he made a good payment. (*Van Keuren* v. *Corkins*, 66 N. Y. 77.) The statute is not so limited in its operation as to exclude the plaintiff from the protection designed to be afforded. Whenever a landowner is subject to a mortgage, when he executes it or it was executed by another person, and he being subject to it, whether the mortgage is held by the morgagee or by an assignee of the mortgagee, notice of the change of title to the mortgage must be brought home to him by means other than the mere recording of an assignment, so as to invalidate a payment. He may treat his creditors as such until notice of a change, otherwise no payment of either principal or interest would ever be safe in very many cases without a full search of the record for assignments. There are reasons presented by the evidence tending to show that the mortgage was actually paid. Phraner and Barnard are both dead. The Guardian Company has failed. The bond and mortgage was not found among its assets. A list produced by plaintiff of the assets contains a mark paid opposite this bond and mortgage. Barnard actually had the bond and mortgage in 1871 at the time of the payment, and it has not been heard from since until the defendant claims from the record solely.

The judgment should be affirmed, with costs.

DYKMAN, J., concurred; PRATT, J., not sitting.

Judgment affirmed, with costs.