REUBEN E. GROSS, as Receiver of HAROLD TORRONE, Appellant, *v.* WEST NEW BRIGHTON BANK, Respondent.

Supreme Court, Appellate Term, Second Department, December 21, 1943.

*Reuben E. Gross* and *Philip J. Levine* for appellant.

*Howard H. Worzel* for respondent.

STEINBRINK, J. The facts on the motion for judgment on the pleadings are as follows: By order dated November 20, 1942, the plaintiff was appointed the receiver in supplementary proceedings of the property of Harold Torrone. On November 24, 1942, the plaintiff duly qualified as such receiver by filing the order of his appointment and a duly approved undertaking in the office of the Clerk of the County of Richmond. On November 27, 1942, there was deposited to the judgment debtor's account in the defendant bank, the sum of $750, and on April 9, 1943, there remained in the account the sum of $13.09. On April 9, 1943, plaintiff, as receiver, demanded of the defendant bank payment of the $750. Until the demand was made the defendant bank had no actual notice of plaintiff's appointment as receiver, and tendered to the plaintiff the amount then remaining on deposit.

The claim asserted in the complaint is predicated upon section 807 of the Civil Practice Act, which provides that the property of the judgment debtor in supplementary proceedings shall vest in the receiver from the date of the filing of the receivership order. Vesting of the property in the receiver is made subject to certain stated exceptions, not here applicable, in favor of a purchaser in good faith and for valuable consideration. Plaintiff contends that under this section of the Act, a third party who pays off an indebtedness to the judgment debtor without knowledge of the receivership remains liable nevertheless on such indebtedness to the receiver. Search has failed to disclose any controlling authority in this or any other jurisdic

tion applicable to the question here posed. The cases urged upon us by the plaintiff-appellant (*Reynolds* v. *Aetna Life Ins. Co.*, 160 N. Y. 635, and *Foley* v. *Equitable Life Assur. Soc.*, 290 N. Y. 424) are not in point.

Title to the money deposited to the account of the judgment debtor passed to the bank notwithstanding the receivership (*Hatch* v. *National Bank*, 147 N. Y. 184, 191, 192; *Pittsburgh-Westmoreland Coal Co.* v. *Kerr*, 220 N. Y. 137, 142), and between the judgment debtor and the bank there arose the relationship of debtor and creditor. (*Sundail Constr. Co.* v. *Liberty Bank*, 277 N. Y. 137, 141.) By operation of law the statute effected an assignment of this indebtedness to the receiver. In the absence of a clear and explicit expression to the contrary it must be presumed that there was no intent to change the common-law rule (*People* v. *Palmer*, 109 N. Y. 110) that a debtor liable on an assigned chose in action remains unaffected by the assignment until he has notice thereof. (*Van Keuren* v. *Corkins*, 66 N. Y. 77; *Smith* v. *Kissel*, 92 App. Div. 235, affd. 181 N. Y. 536.) With respect to the assignment of a chose in action, as distinguished from the transfer of tangible personal property, there is nothing in the statute suggesting an intent to change the common-law rule. The literal interpretation for which plaintiff contends would expose all debtors to the risk of double liability regardless of whether repayment of the debt was made in good faith and without notice of the receivership. To protect himself fully against such risk, the debtor would be required to keep in constant communication with the County Clerk's office to determine whether a receiver in supplementary proceedings had been appointed for the person to whom repayment of a debt was being made. So onerous a burden and so oppressive and unjust a result, particularly as applied to large commercial organizations such as banks and insurance companies, could hardly have been within the contemplation of the Legislature. We should not oppose arbitrary reason to the authority of facts.

As was said by Chief Justice HUGHES in *Sorrells* v. *United States* (287 U. S. 435, 446, 447): " Literal interpretation of statutes at the expense of the reason of the law and producing absurd consequences or flagrant injustice has frequently been condemned." The Chief Justice then went on to quote from *United States* v. *Kirby* (7 Wall. 482) as follows: "All laws should receive a sensible construction. General terms should be so limited in their application as not to lead to injustice, oppression, or an absurd consequence. It will always, therefore, be presumed that the legislature intended exceptions to its

language which would avoid results of this character. The reason of the law in such cases should prevail over its letter.''

The courts of this State have applied a like canon of construction. (See *People* v. *Ryan*, 274 N. Y. 149, 152.)

Section 807 of the Civil Practice Act is not an isolated statute, which, considered alone, reveals the true legislative intent. It is part of article 45, which deals generally with the remedies available to judgment creditors, and must be read together with those other sections (§§ 779, 781, 794) which provide the judgment creditor with the means of reaching the indebtedness of a third party to the judgment debtor. It will be noted that all of these sections, and the others relating to them, presuppose actual notice to the third party of the claim asserted by the judgment creditor. They provide safeguards for the protection of the third party from the possible imposition of double liability while at the same time affording the judgment creditor or the receiver every reasonable means of reaching the judgment debtor's property. Together, they form the statutory design to facilitate the collection of judgments. Considering the entire statute, I am of the opinion that while section 807 fixes the time when the receiver's title to property of the judgment debtor vests, it was not intended by that section to make liable a third party who in good faith has parted with the debtor's property before actual notice of the receivership. Any other construction would promote hardship and injustice with which the Legislature in view of the general statutory scheme cannot be lightly charged. Under the statute, the defendant could not be held to liability in the absence of actual notice of the receivership.

The judgment and order should be affirmed with $25 costs.

SMITH and McCOOEY, JJ., concur.