LEWIS L. MILLER, RESPONDENT, *v.* ZINA A. LINDSEY, APPELLANT.

*Mortgage — when not discharged by a conveyance of the fee to the mortgagee — Bona fide purchaser — when bound by an assignment of a mortgage of which he had no notice.*

January 27, 1872, Terwilliger mortgaged certain premises to Drake, without any bond or covenant to pay the debt. Drake recorded the mortgage June 15, 1872, and on February 21, 1873, sold it to the defendant, who paid full value therefor, but failed to record his assignment. March 11, 1873, Terwilliger deeded the premises to Drake, in satisfaction of the mortgage and for other considerations, without demanding a satisfaction piece, or making any inquiries as to its whereabouts. The deed was recorded March 28, 1873. On December 23, 1873, Drake conveyed the premises by warranty deed to the plaintiff, who was ignorant of defendant's ownership of the mortgage, his deed being recorded January 10, 1874.

*Held,* that the mortgage held by the defendant was not satisfied or discharged by the conveyance of the fee to Drake.

That the plaintiff, though a purchaser in good faith, and without knowledge of the assignment, was not protected from the lien of the mortgage or entitled to have it canceled.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

The action was brought to have a mortgage held by the defendant declared void and canceled, as a cloud upon the plaintiff's title.

*Johnson* and *Carver,* for the appellant.

*Edward K. Clark,* for the respondent.

BOARDMAN, J.:

Mrs. Terwilliger, on the 27th day of January, 1872, gave her mortgage, upon the premises described in the complaint, for $250, to one Drake. There was no bond, accompanying the mortgage or covenant, to pay the debt. The mortgage was recorded June 15, 1872. On the 21st of February, 1873, he sold and assigned such mortgage to the defendant, who paid full value therefor. His assignment was not recorded. On the 11th of March, 1873, Mrs. Terwilliger deeded to Drake said premises in satisfaction of said mortgage and for other considerations, without knowledge of its assignment to the defendant. Mrs. Terwilliger did not demand a satisfaction of the mortgage, or any receipt for its payment or its production, nor did she make any inquiry as to it or its whereabouts. On the 26th of December, 1873, Drake, by warranty deed, conveyed the premises to the plaintiff, who was ignorant of defendant's ownership of said mortgage and claim under it. The deed to Drake was recorded March 28, 1873, and the deed to plaintiff, January 10, 1874.

If the purpose of Drake, in receiving Mrs. Terwilliger's deed, was to satisfy and extinguish this mortgage before that time assigned by him to the defendant, and then held by the defendant, it was a fraudulent and dishonest purpose, and no court of equity would aid in its accomplishment. So far as Mrs. Terwilliger is concerned, the mortgage might be treated as paid. But it is of no consequence whatever to her, since she was not personally bound to pay the debt. The effect of the transaction was to put the title of the real estate in Drake's hands, subject to the payment of this mortgage in the defendant's hands. (*Brown* v. *Blydenburgh*, 7 N. Y., 141.) As between Drake and the defendant, the mortgage was a good and valid lien during the time Drake had the title. It cannot be claimed there was a merger, since Drake at no time combined in himself the two estates by deed and mortgage, nor was he, at any one time, bound to pay the mortgage and entitled to receive the pay. (*Purdy* v. *Huntington*, 42 N. Y., 334.) The case of *Wanzer* v. *Cary* (12 Hun, 403), does not apply. That was a payment of the mortgage debt by the transfer of other real estate than that mortgaged. It was the same as if the mortgage had been paid in cash, without notice of

the assignment. In the case at bar, the equities of the parties are not disturbed by the transfer of title, and no one is prejudiced by the continued lien of the mortgage. We think the learned referee erred in his second conclusion of law, whereby he found that the mortgage of the defendant was satisfied by the deed from Mrs. Terwilliger to Mr. Drake.

The referee has correctly found that the plaintiff, though a purchaser in good faith, and without knowledge of the assignment to defendant, is not protected from the lien of the mortgage or entitled to have it canceled. (*Purdy* v. *Huntington*, 42 N. Y., 334.) This case is directly in point, and is conclusive against the plaintiff upon the facts relating to his title. It also holds that the deed cannot operate as a transfer of the mortgage, or be construed to be a subsequent assignment of the mortgage under the recording acts, so as to cut off the defendant's lien in equity.

Being satisfied the judgment is erroneous, it must be reversed and a new trial granted, costs to abide the event. Referee discharged.

LEARNED, P. J., and BOCKES, J., concurred.

Judgment reversed, new trial granted, reference discharged, costs to abide event.