NEAL, CLARK & NEAL CO., Appellant, *v.* MICHAEL J. TARBY (first name unknown), Respondent.

(Supreme Court, Erie Special Term, March, 1917.)

Sales — what constitutes — parties — actions — appeal — Personal Property Law, § 129.

> While the delivery of a victrola with an option to purchase at a certain price neither constitutes a sale nor a transfer of title until acceptance of the offer, yet where the buyer sells and delivers the victrola to another he does an act " inconsistent with the ownership of the seller " within the meaning of section 129 of the Personal Property Law, and, in the absence of fraud, the transaction becomes a consummated sale between the parties.

> While the seller may sue the buyer from him for the agreed purchase price, he cannot maintain an action in replevin against the one to whom said buyer sold the instrument, and a judgment for the dismissal of the complaint in such an action will be affirmed.

APPEAL from a judgment of the City Court of Buffalo, dismissing the plaintiff's complaint in an action of replevin.

Walter W. Chamberlain, for appellant.

John M. Hull, for respondent.

WHEELER, J. The facts in this case are undisputed, and briefly stated are: That the plaintiff, among other things, deals in victrolas; one Fertig was the solicitor of advertising, and in that capacity was accustomed to

visit the plaintiff's store. On the occasion of one of his visits the subject of the purchase of a victrola was brought up by one of plaintiff's salesmen. Fertig was asked if he had decided to purchase a victrola, to which he replied: " No, we haven't reached a point where we will decide on it." The salesman suggested sending one out on approval, to which Fertig replied: " If you want to take a chance and send it out on approval, with the understanding I don't have to purchase it unless I want it, all right." To this the salesman replied: "All right, I will send it out with a selection of records, and see if we can't later sell you the machine."

They then selected a victrola of the price of $150, which seems to have been fully understood, and the machine was delivered to Fertig. The salesman testified that some time later he asked Fertig if he had decided to purchase, to which Fertig replied: " We haven't quite decided to purchase the machine." To which the salesman replied: "All right; let us know when you are ready."

It further appears that Fertig moved the machine to the Lenox Hotel, where he went to live; and while there sold and delivered the victrola to the defendant in this action, who paid Fertig seventy-five dollars therefor. Fertig then left and has not since been seen.

The plaintiff learning the facts, and claiming to own the machine, demanded it of the defendant who refused to deliver it up. The plaintiff then brought this action in the City Court to recover possession. The City Court dismissed its complaint, and the case now comes before this court on appeal.

The plaintiff, in substance, contends there never was any consummated sale; that the title of the property never passed to Fertig, and he could give none to the defendant; that Fertig stole or converted the victrola to his own use, and the plaintiff should have recovered.

The defendant contends he is protected as a *bona fide* purchaser for value under the provisions of the Personal Property Law, and that the court below did not err in dismissing the plaintiff's complaint.

The defendant stands on the provisions of section 129 of that act, providing: "The buyer is deemed to have accepted the goods when he intimates to the seller that he has accepted thereof, or when the goods have been delivered to him and he does any act in relation to them which is inconsistent with the ownership of the seller, or when, after the lapse of a reasonable time, he returns the goods without intimating to the seller that he has rejected them."

It seems to us that this section governs the case here presented for review.

If we correctly interpret the transaction between the plaintiff and Fertig, it amounted to this: The plaintiff delivered to Fertig the victrola in question for trial, with the option to purchase it at the price of $150. This offer was at no time canceled or recalled by the plaintiff. There was evidently, under this arrangement, no actual sale, and no transfer of title to Fertig, until he had accepted the offer, or until he did some act in relation thereto "*inconsistent with the ownership of the seller.*" The instant Fertig undertook to sell the machine as his own, he did an act inconsistent with the ownership of the plaintiff. It was evident that he had, in fact, acted upon the plaintiff's option to sell, and, in the absence of fraud, it became a consummated sale between the parties to it. Under such circumstances, I think there can be no question but what the plaintiff would have had a perfect right to have sued and recovered from Fertig the agreed purchase price of the machine.

Section 100 of the Personal Property Law also provides: "When goods are delivered to the buyer on

approval or on trial or on satisfaction, or other similar terms, the property therein passes to the buyer — (a) When he signifies his approval or acceptance to the seller or does any other act adopting the transaction." See Rule 3, subd. 2, § a.

It is argued by counsel for the appellant that this particular provision has no application because the word " buyer " contemplates a completed sale, as distinguished from a possible one, and that in this case there was no promise on the part of Fertig to purchase at all, even though the victrola proved satisfactory, and therefore Fertig never was a " buyer " within the meaning of the section.

We think the construction contended for too narrow. The very language used makes the section applicable to contemplated, as distinguished from actual, sales, for it provides that title shall pass in cases of delivery to the buyer " when he signifies his approval or acceptance to the seller, or does any other act adopting the transaction." Consequently, when the words " buyer " and " seller " are there employed, they are used to designate parties to a transaction where a contemplated sale is the subject of negotiation.

Neither should the court overlook the words " *or other similar terms,*" used in the statutes. It was the evident intent of the legislature, by this language, to cover every possible transaction where property is delivered to a buyer in view of a contemplated although uncompleted sale.

It is urged, and with force, that the act of Fertig in selling the victrola to the defendant was not, after all, an act affirming or accepting the right to purchase at an agreed price, but really a conversion or larceny of the property delivered to him, and therefore ought not to defeat the right of the plaintiff to follow the property into whosever hands it may be found.

We think, however, the provisions of the Personal Property Law above quoted were designed not only to define the rights of parties to such transactions as between themselves, but also to afford protection to third persons who may deal with the buyer. on the strength of his apparent ownership of the property possessed, so that any one intrusting another with the possession of property under circumstances such as in this case does so largely at his own risk, while an innocent purchaser dealing with one in possession will be fully protected.

Section 105 of the Personal Property Law expressly provides: '' Where the seller of goods has a voidable title thereto, but his title has not been avoided at the time of the sale, the buyer acquires a good title to the goods, provided he buys them in good faith, for value, and without notice of the seller's defects of title.'' ˙

The section quoted is little more than declaratory of the common law, and seems to be predicated on the maxim that where one of two innocent parties must suffer, he must suffer who has placed the offender in a position to do the wrong to the other.

I am of the opinion that the judgment appealed from should be affirmed.

Judgment affirmed.