**In re INDUSTRIAL SAPPHIRE MFG. CO., Inc.**

**No. 10094.**

United States Court of Appeals Third Circuit.

Argued April 18, 1950.

Decided May 18, 1950.

As amended May 25, 1950.

See also 182 F.2d 591.

Charles M. Solomon, Philadelphia, Pa., for appellant.

Bertram Bennett, Philadelphia, Pa., for appellee.

Before MARIS, GOODRICH and Mc-LAUGHLIN, Circuit Judges.

GOODRICH, Circuit Judge.

This appeal in bankruptcy is to determine the validity of a chattel mortgage. The question is raised by the mortgagee's petition for leave to institute legal proceedings under the mortgage, which petition is opposed by the trustee. The Referee granted the petition; the District Court confirmed without opinion and the trustee appeals.

The bankrupt, Industrial Sapphire Manufacturing Co., Inc., executed the mortgage in New York on August 22, 1947. The subject-matter of the mortgage consisted of chattels then in New York. The present petitioner, Martha L. Haines, is the assignee of the original mortgagee. The property was subsequently moved to the new plant of the bankrupt company located

in Quakertown, Pennsylvania. The petitioner knew of and consented to the removal. The mortgaged property is still in Quakertown in the possession of the corporation which succeeded to the business of the bankrupt.

We think the simplest and most direct method of settling the validity of the mortgage is to approach it in the orthodox conflict of laws fashion. We look first to the New York transactions to see their effect under New York law. Restatement, Conflict of Laws § 265. See Personal Finance Company of New York v. General Finance Co., 1938, 133 Pa.Super. 582, 3 A.2d 174. The appellant attacks the validity of the New York transactions because, he says, the assignment of the mortgage to the petitioner was never recorded and that failure to record is fatal.

The New York statute provides in Section 232-a, New York Lien Law, Mck. Consol.Laws, c. 33: "Such assignment * * * shall be filed, *prior to the filing of a satisfaction thereof,* in the same office or offices, where the original instrument or a copy or copies thereof were filed at the time of the execution of the same. [Italics ours.]"

It will be noted that the statute calls for a filing of the assignment prior to the satisfaction of the mortgage. This mortgage has not been satisfied even yet and was not when the collateral was removed to Pennsylvania. The time before which the assignment had to be filed has never come.

We have no doubt as to the meaning of the New York statute. The filing of an assignment prior to the satisfaction shows that the satisfaction comes from someone who has a right to give it. Unless the assignment were filed prior to that time, there would be no indication on the record that the person signing the satisfaction of the mortgage had anything to do with the transaction.

The trustee relies upon Fahlbusch v. Consumers Discount Corp., N.Y.Mun. Ct.1936, 159 Misc. 568, 288 N.Y.S. 511. We do not see that this case helps us on this question. It was decided before the enactment of Section 232-a of the New York Lien Law, quoted above. Further, it involves the rights of the purchaser over the mortgagee, who had repossessed the collateral after executing an assignment which was not filed. The assignee lost out because his failure to file misled the purchaser into believing that the mortgagee had the right to dispose of the collateral. On the New York phase of the transaction our conclusion is that the New York Law was complied with.

The second question has to do with the removal of the goods to Pennsylvania and the effect of Pennsylvania law upon the petitioner's asserted lien. A state to which mortgaged property is removed with the consent of the mortgagee "may create new interests in the chattel if the law of that state so provides." Restatement, Conflict of Laws § 269.

Pennsylvania has provided by legislation what a mortgagee must do to preserve his rights. The applicable provision is Section 10 of the Pennsylvania Chattel Mortgage Act of 1945, 21 P.S. § 940.10. It reads: "When chattels are brought into this State subject to a chattel mortgage or other chattel lien filed or recorded in another state, *such chattel mortgage or other chattel lien instrument, or a copy thereof, certified by the officer in whose office it was filed or recorded* may be filed as chattel mortgages provided for herein are filed, * * * and upon such filing, such chattel lien instrument shall have the same force and effect * * * as though executed and filed in this State pursuant to this act. [Italics ours.]"

When the mortgaged goods were brought from New York to Pennsylvania the petitioner filed in Pennsylvania a duplicate original of the instrument which was still on file in New York. The trustee says that this is insufficient because what was filed here was "not certified by the officer in whose office it was filed and recorded" in New York. We do not think that the trustee has made the proper construction of the statute. It is true that the quotation above, as punctuated, lends some support to his argument. The phrase about certification, following the punctua-

tion, might well be argued to apply both to "instrument, or a copy thereof." But in Pennsylvania, the effect of punctuation in a statute is governed by the Statutory Construction Act, Art. IV, § 53, 46 P.S. § 553, which provides: "In no case shall the punctuation of a law control or affect the intention of the Legislature in the enactment thereof."

Once we are freed from the commas the statute, we think, presents no difficulty and we give it the construction we think is the natural one. If one files an original he does not need certification. Why should he? But if he files a copy it is natural enough that the copy should be required to be certified so that the document filed under the provisions of the Pennsylvania statute may carry with it its own authentication. The filing of the original fulfilled the requirements of the Pennsylvania law.

The lien holder, having complied with the provisions of both New York and Pennsylvania law, is entitled to the protection of the lien. The petition was correctly granted.

The judgment will be affirmed.