### IN RE MARSHALL.

[Cite as In re Marshall, 21 Ohio Misc. 14.]

(No. B69-1198—Decided August 21, 1969.)

United States District Court, Northern District of Ohio, Eastern Division.

*Mr. Jack Reich,* trustee representing himself.
*Mr. Robert S. Carabell,* for Sears, Roebuck & Company.
*Mr. Howard Fort,* for bankrupt.

WHITE, Referee in Bankruptcy. Jack Reich, the duly appointed and qualified trustee, filed a petition to sell furniture owned by the bankrupt. Sears, Roebuck & Company filed an answer claiming an interest in said furniture. The creditor and the trustee are not in disagreement as to the facts.

Sears, Roebuck & Company, a creditor of the bankrupt, sold the furniture in question to the bankrupt while he was a resident of the state of Illinois. The merchandise is "consumer goods." The bankrupt, when he purchased the furniture in Illinois, signed a retail installment conditional sales contract. The retail installment sales contract was not filed in Illinois, but the security interest was per-

fected, as the Uniform Commercial Code of Illinois, Chapter 26, U. C. C. 9-302(1)(d) does not require filing on consumer goods in order to perfect the interest.

The creditor, having enabled the bankrupt to acquire the furniture, had a purchase money security interest in the consumer goods sold to the bankrupt. The debtor moved to Ohio several months after the sale had been made. The creditor was at all times aware of the movement of the bankrupt and did transfer the account to the local branch of Sears, Roebuck & Company for collection. The bankrupt has been a resident of the state of Ohio since July 7, 1968, and the petition in bankruptcy was filed on March 13, 1969.

The creditor never made a filing of its security agreement, being the retail installment conditional sales contract, in Ohio.

#### QUESTION

Is the creditor required to publicly file the security agreement in Ohio under Section 1309.03(C), Revised Code (UCC 9-103 (3)) to perfect his lien in Ohio?

#### LAW

The states of Illinois and Ohio have both adopted the Uniform Commercial Code. The parties to this action both agree that the security interest signed in Illinois was a purchase money security interest in consumer goods. Therefore, under the Uniform Commercial Code in Illinois to perfect the security interest, filing was not necessary. See Uniform Commercial Code of Illinois, Chapter 26, 9-302 (1) and 9-303 (1).

. Therefore, the creditor had a perfected security interest good except against a purchaser who without knowledge of the security interest purchased for value and for his, or her, own personal, family, or household goods. See Chapter 26, Section 9-307 (2) Code of the State of Illinois.

The purpose of Chapter 26, Section 9-307 (2) was to protect innocent purchasers who would occasionally make purchases for their own personal use from a person not normally engaged in business and therefore would not have the means to check the seller's background and to make a

determination whether this occasional sale would be subject to a security interest.

The state of Ohio has a similar statute in Section 1309.26(B), Revised Code. Therefore, had the sale been made in Ohio, no filing would have been required or necessary to perfect the security interest of the creditor in Ohio. See Sections 1309.21(A)(4), 1309.22(A), and 1309.07(A), Revised Code.

The trustee contends that the filing must be made in Ohio under the provisions of Section 1309.03(C), Revised Code:

(C) If personal property other than that governed by divisions (A) and (B) of this section is already subject to a security interest when it is brought into this state, the validity of the security interest in this state is to be determined by the law, including the conflict of laws rules, of the jurisdiction where the property was when the security interest attached. However, if the parties to the transaction understood at the time that the security interest attached that the property would be kept in this state and it was brought into this state within thirty days after the security interest attached for purposes other than transportation through this state, then the validity of the security interest in this state is to be determined by the law of this state. If the security interest was already perfected under the law of the jurisdiction where the property was when the security interest attached and before being brought into this state, the security interest continues perfected in this state for four months and also thereafter if within the four-month period it is perfected in this state. The security interest may also be perfected in this state after the expiration of the four-month period; in such case perfection dates from the time of perfection in this state. If the security interest was not perfected under the law of the jurisdiction where the property was when the security interest attached and before being brought into this state, it may be perfected in this state; in such case perfection dates from the time of perfection in this state.

The trustee cites *Safeway Finance Co.* v. *Heintzl*, 43

Erie Co. L. J. 132 and *In re Dumont-Airplane & Marine Instruments, Inc.*, 203 F. Supp. 511, as authority to require filing within the four-month period. But these cases are distinguished in that the property was removed from a non-filing state to Pennsylvania, which required public notice filing to perfect a security interest. Ohio and Illinois have no such laws as to consumer goods; therefore, there is no conflict between these two states.

The trustee states: "The clear purpose of the code is to simplify and make uniform credit transactions among the states which have approved the Uniform Commercial Code."

Further, the Code clearly expresses the intent of the Legislature under Section 1301.02(A), Revised Code, which provides: "* * * the Revised Code shall be liberally construed and applied to promote their underlying purposes and policies."

It is further provided under division (B):

(B) underlying purposes and policies of such chapters are:

(1) to simplify, clarify, and modernize the law governing commercial transactions;

(2) to permit the continued expansion of commercial practices through custom, usage and agreement of the parties;

(3) to make uniform the law among the various jurisdictions.

The clear purpose of notice filing is to give persons extending credit to debtors notice of security interest taken by other parties in personal property. The Legislature excepted consumer items; therefore, this court cannot find any sound purpose to require the additional filing when the consumer item is removed from one state to another state which has the same uniform laws and does not require public filing to perfect a security interest.

To require filing as contended by the trustee, would abort the clear purposes of the statute as set forth by the Legislature and would further burden commerce between the states. The trustee has failed to show any useful pur-

18

pose by a public notice filing to be required; as had the property been sold in Ohio, the creditors would not have been entitled to any other notice than as provided presently by the Code.

Therefore, this court cannot find any useful purpose for a public notice filing as argued by the trustee. As a lien creditor, without notice, should an execution have taken place the property would have been taken subject to the perfected lien of the creditor, as the trustee does not come within the exclusion of the statute, as it only applies to a purchaser without notice and the property must be purchased for his own personal use.

Therefore, the court finds that the creditor does have a valid lien on said property. The trustee may only sell the property, subject to the right of the creditor. Should he fail to secure a sufficient amount to pay the lien of the creditor, then the property must be surrendered to Sears, Roebuck & Company.

*Judgment accordingly.*